```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

NAEEM COPELAND, on my own         )
behalf, etc.,                     )
                                  )
              Plaintiff,           )
                                  )
      v.                          )     No.  12 C 177
                                  )
ILLINOIS TROOPER missing unit,    )
etc., et al.,                     )
                                  )
              Defendants.         )
```

## MEMORANDUM ORDER

This Court has just had assigned to its calendar a newly-filed 42 U.S.C. §1983 ("Section 1983") Complaint, prepared on the Clerk's-Office-provided printed form, with handwritten inserts by plaintiff Naeem Copeland ("Copeland"). Although the case caption is less than clear in what it conveys, it is at least readable. Copeland sues "on my own behalf and on behalf of a class of all Copeland and Moore family members," while defendants are listed as "Illinois Trooper-missing unit, Chicago Police Department missing persons unit and Social Security.gov.south side div-offices."

But when it comes to Copeland's text, this Court finds it both unreadable in part and, as to what he claims to be constitutional deprivations actionable under Section 1983, unintelligible.[1] To the extent that this Court can penetrate

---

[1] What is clear is that units of the federal government are, by definition, not "state actors" suable under Section 1983. So whatever Copeland's grievances against the Social Security

what Copeland has said, it seems that his mother is missing (and has been for several years) and that he is unhappy with the inability of "Illinois Trooper" (whoever that may be) and of the Chicago Police Department (not a legal entity, and hence not suable as such) to help him in his search.

To complicate matters even further, Copeland is in custody in Phoenix, Arizona, so that 28 U.S.C. §1915 requires him to pay the $350 filing fee in installments if he cannot do so in advance. In that respect Copeland has submitted an In Forma Pauperis Application ("Application"), but without the printout covering transactions in his trust fund account at the custodial institution as required by 28 U.S.C. §1915(a)(2). Moreover, both Copeland's custodial status and his distant location render much more difficult the provision of legal services by pro bono counsel, members of this District Court's trial bar who are obligated to render services to pro se prisoners (in-person consultation is obviously unavailable).

This Court is loath to impose a $350 filing fee burden on Copeland without any sense of whether he has even a colorable claim.[2] Because Copeland has also submitted a Motion for

---

Administration may be, they cannot be asserted in this lawsuit.

[2] True enough, both Complaint ¶I and some Complaint exhibits refer to three lawsuits that Copeland has brought last year in the United States District Court for the District of Arizona, so he is already familiar with the requirements of 28 U.S.C. §1915. This Court nevertheless finds that the procedure

2

Appointment of Counsel ("Motion"), however, this Court will pursue the following unusual course here:

1. To spare Copeland (at least for now) another $350 obligation to pay a filing fee, this action is dismissed without prejudice.

2. Despite such dismissal, this Court has obtained the name of this member of the trial bar to assist Copeland in the possible assertion of an arguably viable claim:

> William Michael LeCrone, Esq.
> Charysh & Schroeder, Ltd.
> 33 North Dearborn Street, Suite 1300
> Chicago IL 60602

Counsel is respectfully requested to communicate with Copeland in an effort to make some sense out of what he has submitted and, if successful, to seek to file a new action accompanied by an Affidavit and the required trust fund printout.

If counsel is unsuccessful in that effort, he is further requested to file a statement to that effect (in that instance, under the rubric of this Case No. 12 C 177).

_____
Milton I. Shadur
Senior United States District Judge

Date: January 17, 2012

---

next stated in the text is most reasonable.